# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| SARAH ZINS, | \* |
| | \*    No. 18-2004V |
|     Petitioner, | \*    Special Master Christian J. Moran |
| | \* |
| v. | \* |
| | \*    Filed: January 17, 2020 |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \*    Decision dismissing case; |
| | \*    failure to prosecute. |
|     Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Sarah Zins, Monsey, NY, pro se;
Traci R. Patton, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Sarah Zins filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 through 34 (2012) on December 18, 2018. The petition alleged that she suffered a premature stillborn delivery of her son as a result of the influenza ("flu") vaccination she received on December 12, 2016. The information in the record, however, does not show entitlement to an award under the Program.

### I. Procedural History

A detailed procedural history of this case can be found in the order to show cause, filed December 18, 2019. In that order, Ms. Zins was instructed to show cause as to why this case should not be dismissed by January 16, 2020. To date, Ms. Zins has not responded.

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## II. Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Additionally, to receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that Ms. Zins suffered a "Table Injury." Thus, Ms. Zins is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). While Ms. Zins did initially file medical records along with her claim, she has not responded to orders for additional medical records and has overall failed to prosecute her case. Accordingly, Ms. Zins failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination.

**Thus, this case is dismissed for failure to prosecute and for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED.**

*/s/ Christian J. Moran*
Christian J. Moran
Special Master